UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:21-cv-1710 AC P |
| Plaintiff, | |
| v. | ORDER |
| J. CLARK KELSO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

Plaintiff has named as defendants J. Clark Kelso, the federal receiver; S. Gates, the Chief of Mental Health at Health Care Services; and twelve other individuals who are identified as employees at California State Prison (CSP)-Corcoran. ECF No. 1 at 2.

In Claim One, plaintiff appears to allege that he caught COVID-19 after inmates from San Quentin State Prison were transferred to CSP-Corcoran. Id. at 4-6. He alleges that Kelso failed to ensure his safety while Gates and Harris put him at risk by transferring inmates with COVID-19 to the prison where he was housed. Id. He further alleges that staff at CSP-Corcoran allowed an inmate who got COVID-19 to stay on the unit and are trying to kill him by putting "something contagious" in his food or cell. Id.

Claim Two alleges that Campbell retaliated against plaintiff for being a sex offender by allowing staff to harass him, and that Campbell and Cronister "both talk mess." Id. at 7-9. Campbell, Barrios, Munoz, White, Hernandez, Gutierrez, and Ruiz refused to put a COVID-19 positive inmate into quarantine, even though he was housed in an area with the same ventilation system, and Barrios told plaintiff he would kill plaintiff for complaining about him, Baraona, and Hernandez. Id.

////

////

IV. <u>Failure to State a Claim</u>

    A. <u>Defendant Kelso is Immune from Suit</u>

Defendant Kelso, who is the receiver for the CDCR's health care system, is entitled to quasi-judicial immunity. <u>Plata v. Schwarzenegger</u> (<u>Plata</u>), No. 4:01-cv-1351 JST, ECF No. 1063 at 5 (N.D. Cal. Jan. 23, 2008) (appointing Kelso as receiver).[1] In appointing a receiver, the court stated that "[t]he Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court." <u>Plata</u>, ECF No. 473 at 6 (N.D. Cal. Feb. 14, 2006)).

"Absolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" <u>In re Castillo</u>, 297 F.3d 940, 947 (9th Cir. 2002) (quoting <u>Burns v. Reed</u>, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)). "Judicial or quasi-judicial immunity is not available only to those who adjudicate disputes in an adversarial setting. Rather, the immunity is extended in appropriate circumstances to non jurists 'who perform functions closely associated with the judicial process.'" <u>Id.</u> at 948 (quoting <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 200 (1985)). "Under federal law, court-appointed 'receivers are court officers who share the immunity awarded to judges.'" <u>Alta Gold Mining Co. v. Aero-Nautical Leasing Corp.</u>, 656 F. App'x 316, 318 (9th Cir. 2016) (quoting <u>New Alaska Dev. Corp. v. Guetschow</u>, 869 F.2d 1298, 1303 (9th Cir. 1989)); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 442 (9th Cir. 1978) (recognizing absolute judicial immunity has been extended to receivers). "[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991) (internal citations omitted).

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

Plaintiff appears to allege that Kelso, as medical receiver, failed to ensure plaintiff's safety from COVID in relation to inmate transfers. ECF No. 1 at 4-6. Thus, defendant is entitled to immunity unless his actions were taken in the complete absence of all jurisdiction. The actions alleged as a basis for relief fall squarely within the receiver's jurisdiction, as defendant was specifically charged with "the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of the CDCR." Plata, ECF No. 473 at 2; see also Harris v. Allison, No. 20-cv-9393 CRB, 2022 WL 2232526, at *4, 2022 U.S. Dist. LEXIS 112179, at *11 (N.D. Cal. June 7, 2022) (Kelso entitled to quasi-judicial immunity for alleged conduct related to transfer of prisoners without first testing or adequately screening for COVID-19 because it fell "squarely within his role and jurisdiction as the federal receiver"). There are no allegations that could support a conclusion that defendant acted in complete absence of jurisdiction. Therefore, the court finds that Kelso is entitled to quasi-judicial immunity and suit may not be maintained against him in his capacity as receiver.

### B. Deliberate Indifference

A prison official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff's allegations regarding the transfer of inmates to the institution where he was housed, and allowing a COVID-19 positive inmate to stay in the unit, do not include sufficient factual detail to demonstrate that any defendant knew of an excessive risk to inmate health or safety and then disregarded the risk. There are no facts demonstrating that there were inadequate measures in place for screening or quarantining inmates who were transferred or that it was clear that allowing a COVID-19 positive inmate to remain in the unit posed an excessive risk. The fact that the infected inmate was housed in an area using the same ventilation system, without more

////

(e.g. facts demonstrating the inadequacy of the ventilation system), does not establish an excessive risk to plaintiff's health.

Plaintiff's allegation that Barrios threatened to kill him for complaining about officers also fails to state a claim for deliberate indifference. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) ("[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." (alteration in original) (citation omitted)); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harassment generally does not violate the Eighth Amendment"), amended on other grounds by 135 F.3d 1318 (9th Cir. 1998); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment).

### C. Retaliation

In order to state a claim for retaliation, plaintiff must allege facts showing that the defendants took adverse action against him and that they were motivated to do so by plaintiff' protected conduct. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citation omitted). Although plaintiff states that he was harassed, he fails to specify the nature of the harassment. Plaintiff also fails to allege facts showing that he was harassed because of his protected conduct, because his status as a sex offender does not constitute conduct protected by the constitution. Plaintiff has therefore failed to state a claim for retaliation against any defendant.

### V. Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v.

Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is further advised that if, upon amending the complaint, all viable defendants appear to reside in Kings County, as appears likely from the current allegations, he will be required to show cause why this case should not be transferred to the Fresno Division of this court. See 28 U.S.C. § 1391(b) (venue proper where defendants reside or where substantial part of events giving rise to claim occurred); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (district court may, on its own motion, "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue " (citations omitted)).

VI.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because Kelso is not a proper defendant and the facts you alleged are not enough to state a claim for relief against any of the other defendants. You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the

original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served;

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: November 23, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE