1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DURRELL PUCKETT,                          Case No.  1:23-cv-00054-HBK (PC)

12              Plaintiff,                      SCREENING ORDER FINDING PLAINTIFF
                                                STATES EIGHTH AMENDMENT
13        v.                                    CONDITIONS OF CONFINEMENT CLAIM
                                                AGAINST DEFENDANTS[1]
14   LT. J. BARRIOS, C.O. WHITE, SGT.
     HERNANDEZ, C.O. GUTIERREZ,                 (Doc. No. 12)
15
                Defendants.                     ORDER DENYING PLAINTIFF'S MOTION
16                                              TO APPOINT COUNSEL

17                                              (Doc. No. 14)

18

19        Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se First

20   Amended Complaint filed under 42 U.S.C. § 1983 by Durrell Puckett—a prisoner.  (Doc. No.

21   12).  For the reasons set forth below, the Court finds the First Amended Complaint states a

22   cognizable claim and will direct service of process by separate order.  Also pending is Plaintiff's

23   Motion to Appoint Counsel.  (Doc. No. 14).  For the reasons set forth below, Plaintiff's Motion to

24   Appoint Counsel is denied.

25                              **SCREENING REQUIREMENT**

26        Plaintiff commenced this action while in prison and is subject to the Prison Litigation

27

28   _____
     [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

1    Reform Act ("PLRA"), which requires, *inter alia*, that the court screen any complaint that seeks

2    relief against a governmental entity, its officers, or its employees before directing service upon

3    any defendant.  28 U.S.C. § 1915A.  This requires the Court to identify any cognizable claims and

4    dismiss the complaint, or any portion, which is frivolous or malicious, fails to state a claim upon

5    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

6    relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

7         At the screening stage, the Court accepts the factual allegations in the complaint as true,

8    construes the complaint liberally, and resolves all doubts in the Plaintiff's favor.  *Jenkins v.*

9    *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

10   2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or

11   unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

12   1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual

13   basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

14        The Federal Rules of Civil Procedure require only that the complaint include "a short and

15   plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).

16   Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient

17   factual detail to allow the court to reasonably infer that each named defendant is liable for the

18   misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

19   572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

20   sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

21   *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not

22   required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

23   statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

24   to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.

25   2009) (internal quotation marks and citation omitted).

26        If an otherwise deficient pleading could be cured by the allegation of other facts, the pro

27   se litigant is entitled to an opportunity to amend their complaint before dismissal of the action.

28   *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of*

2

1    *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to advise a pro se

2    litigant on how to cure the defects.  Such advice "would undermine district judges' role as

3    impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at

4    1131 n.13.

5                                    **SUMMARY OF OPERATIVE PLEADING**

6           Plaintiff initiated this action by filing a pro se complaint in the Sacramento Division of

7    this Court.  (Doc. No. 1).  The complaint identified 14 defendants, including 10 named employees

8    of California State Prison ("CSP") Corcoran, two Does employed at CSP Corcoran, and two

9    employees of CDCR Health Services in Sacramento.  (Doc. No. 1 at 1-2).  The then-assigned

10   magistrate judge construed the complaint as raising claims of deliberate medical indifference and

11   retaliation and found that it failed to state a cognizable claim against any defendant.  (Doc. No. 9

12   at 4-6).  Plaintiff was given the option to file an amended complaint.  (*Id*. at 6-7).

13          On December 15, 2022, Plaintiff submitted his First Amended Complaint ("FAC") and

14   the Sacramento Davison transferred the action to this Court on January 12, 2023.  (Doc. Nos. 12,

15   15).  In his FAC, Plaintiff narrows his claim to a single conditions of confinement action against

16   four Defendants.  The gravamen of the FAC is that the four identified correctional officers

17   exhibited deliberate indifference to a substantial risk of harm to Plaintiff when they allowed an

18   inmate with COVID symptoms to remain on Plaintiff's cell block.  The facts giving rise to the

19   complaint took place over an unspecified time frame in early 2021.  (*Id.*).

20          On an unspecified date, another inmate, R. Simms, who was housed on Plaintiff's cell-

21   block exhibited infectious symptoms including coughing and vomiting.  (*Id*. at 3).  Simms told

22   Defendant White "that he think [sic] he got covid."  (*Id*.).  Simms' cell shared a vent with

23   Plaintiff's cell and several others.  (*Id*.).  When he noticed Simms' symptoms, Plaintiff asked

24   Defendants "can I move or [can you] move [Simms] per covid protocol[?]"  (*Id*.).  Defendant

25   Hernandez responded, "no nigger you can die."  (*Id*.).  Defendant Barrios told Plaintiff, he

26   "should die slowly."  (*Id*.).  Plaintiff has diabetes, which makes him "prone at getting covid," and

27   when he relayed this to Defendants White and Gutierrez they replied, "so what [?] we know but

28   we ain't going to do overtime to enforce policy."  (*Id*.).

1    Around this time, Plaintiff requested a COVID test but was not immediately provided one.

2  (*Id*.).  On February 1, 2021, R. Simms tested positive for COVID-19, but refused to go to

3  quarantine.  (*Id*.).  Plaintiff and others on his cell block "caught symptoms immediately."  (*Id*.).

4  Plaintiff suffered dizzy spells and vomited blood, but Defendants "disregarded" his symptoms

5  until Plaintiff found "a non-regular nurse" who agreed to test him.  (*Id*.).  He ultimately tested

6  positive for COVID-19.  (*Id*.).  Plaintiff states that his injuries include "pain, dizziness, and

7  COVID-19."  (*Id*.).

8                              **ANALYSIS AND APPLICABLE LAW**

9            **Eighth Amendment – Conditions of Confinement**

10   "[T]he treatment a prisoner receives in prison and the conditions under which he is

11  confined are subject to scrutiny under the Eighth Amendment," which prohibits "cruel and

12  unusual punishment."  *Helling v. McKinney*, 509 U.S. 25, 31 (1993); U.S. Const. Amend. VIII.

13  Whether an official violates the Eighth Amendment requires a showing of both an "objective

14  component"—the objective seriousness of the challenged condition, and a "subjective

15  component"—the responsible official's subjective state of mind.  *Farmer v. Brennan*, 511 U.S.

16  825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Prison officials have an affirmative

17  duty to protect prisoners from the risk of infectious diseases.  *Helling*, 509 U.S. at 33 (collecting

18  cases reproving the failure to separate prisoners with contagious diseases).   To satisfy the

19  subjective prong, the inmate must show that the prison official was deliberately indifferent—

20  "possessed a sufficiently culpable state of mind."  *Wilson*, 501 U.S. 297-98.  This requires the

21  official to be aware of the substantial risk of harm and disregard that risk by failing to abate it

22  using reasonable measures.  *Farmer*, 511 U.S. at 837-45.  This level requires more than

23  negligence but less than actual malice.  *Id.* at 835-36.

24   Here, Simms exhibited symptoms of illness consistent with COVID-19 and told

25  Defendants he thought he had COVID.  (Doc. No. 12 at 3).  His apparent illness, combined with

26  his proximity to Plaintiff, who had a heightened risk of infection due to his diabetes, created a

27  significant risk to Plaintiff's health that satisfies the objective prong of the Eighth Amendment

28  analysis.  See *Plata v. Newsom*, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one

4

1    questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.); *see also*

2    *Williams v. Dirkse*, No. 1:21-cv-00047-BAM (PC), 2021 WL 2227636, at *9 (E.D. Cal. June 2,

3    2021) ("The transmissibility of the COVID-19 virus in conjunction with [the prisoner plaintiff's]

4    living conditions are sufficient to satisfy that 'conditions put the plaintiff at substantial risk of

5    suffering serious harm.'"); accord *Sanford v. Eaton*, No. 1:20-CV-00792-BAM(PC), 2021 WL

6    3021447, at *7 (E.D. Cal. July 16, 2021); *Benitez v. Sierra Conservation, Center, et al.*, No. 1:21-

7    cv-00370 BAM, 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (transmissibility of the

8    COVID-19 virus in conjunction with Plaintiff's living conditions, which he alleges were

9    overcrowded and poorly ventilated, are sufficient to satisfy the objective prong).

10          Plaintiff made Defendants fully aware of the risk, including telling Defendants White and

11   Gutierrez of his heightened risk as a diabetic, but in response, they did nothing.  (Doc. No. 12 at

12   3).  Two of the Defendants made callous or racist statements expressing their indifference to

13   Plaintiff's wellbeing.  (Doc. No. 12 at 3).  Even after Plaintiff exhibited symptoms of illness,

14   Defendants "disregarded" them, and Plaintiff was only able to get tested after a "non-regular

15   nurse" agreed to help him.  (*Id.*)  In other words, Defendants knew of, and ignored a serious risk

16   to Plaintiff's health and safety, satisfying the subjective prong.  *Farmer*, 511 U.S. at 837.

17   Plaintiff also satisfies the causation and harm requirements because he alleges that he suffered

18   physical injury including pain, dizziness, and infection with COVID-19 as a proximate result of

19   Defendants' inaction. While Plaintiff also alleges Defendants failed to follow COVID protocols,

20   the failure to follow protocol alone is not necessarily sufficient to state a claim. *See Donaldson v.*

21   *Kern County*, No. 1:14–cv–00257–AWI–JLT, 2015 WL 5321807 at  *8 (E.D.Cal. Sept. 10,

22   2015).  However, in conjunction with the other facts alleged, it may be further evidence of

23   deliberate indifference.

24          Accepting the allegations of the FAC as true, Defendants knew about a serious threat to

25   Plaintiff's health and safety and disregarded that risk "by failing to abate it using reasonable

26   measures." *Farmer*, 511 U.S. at 837-45.  Accordingly, the FAC states cognizable conditions of

27   confinement claim under the Eighth Amendment against all four Defendants.

28          ////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Appointment of Counsel**

Also pending before the Court is Plaintiff's motion to appoint counsel.  (Doc. No. 14).

The Court granted Plaintiff's application to proceed in this action *in forma pauperis.* (Doc. No.

9).   Plaintiff seeks appointment of counsel because "having counsel will stop a stay of

proceedings before they happen and further help me prosecute my case."  (Doc. No. 14 at 1).  He

also refers to his long history of mental illness, implying that it may be an impediment to his

ability to effectively represent himself.  (*Id*.).

The United States Constitution does not require appointment of counsel in civil cases.  *See*

*Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining that *Bounds v. Smith*, 430 U.S. 817 (1977),

did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this

court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or

defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint

counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180

(9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil

cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted

only in "exceptional circumstances."  *Id.* at 1181.  The court may consider many factors to

determine if exceptional circumstances warrant appointment of counsel including, but not limited

to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to

articulate his or her claims pro se considering the complexity of the legal issues involved.  *Id.*; *see*

*also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*

*on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances."  *Jones v.*

*Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  While the assistance of counsel

during trial may be helpful, the "relevant consideration is not one of convenience" but rather

exceptionalness.  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Normal challenges faced by pro se litigants do not warrant appointment of counsel.  *Siglar v.*

*Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the

6

1    plaintiff's "circumstances were not exceptionally different from the majority of the challenges

2    faced by *pro se* litigants.")  Plaintiff's concern about avoiding a stay of the proceedings is

3    speculative and insufficient to establish exceptional circumstances.

4           Nor does Plaintiff's purported history of mental illness establish exceptional

5    circumstances.  Notably, Plaintiff does not provide any substantive evidence to establish a mental

6    illness; however, even if Plaintiff did provide evidence of his mental illness, a review of the

7    pleadings filed by Plaintiff to date show he can articulate his claims in this case.  *See Brown v.*

8    *Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the

9    plaintiff's filing demonstrated the ability to properly litigate case despite mental illness).

10          Plaintiff has capably filed motions and his FAC has plausibly stated a claim to survive an

11   initial screening.  Plaintiff has not showed exceptional circumstances that warrant appointment of

12   counsel at this early stage of the proceedings.  Should this case progress and Plaintiff's

13   circumstances change so that he is able to demonstrate exceptional circumstances, he may renew

14   his motion for appointment at counsel at that time.

15          Accordingly, it is **ORDERED**:

16          1.  The Court finds the FAC states a cognizable claim for deliberate medical indifference

17   under the Eighth Amendment against Defendants Barrios, White, Gutierrez, and Hernandez.

18          2.  The Court will direct service of process by separate order.

19          3. Plaintiff's Request for Appointment of Counsel (Doc. No. 14) is DENIED.

20

21   Dated:     February 16, 2023

22                                              HELENA M. BARCH-KUCHTA
                                                UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28