UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>   Plaintiff,<br><br>  v.<br><br>J. BARRIOS, HERNANDEZ, WHITE, and GUTIERREZ,<br><br>   Defendants. | Case No. 1:23-cv-00054-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>(Doc. No. 49)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 55)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SCREENING<br><br>(Doc. No. 56) |

   On June 30, 2023, Defendants in this matter filed an Answer to Plaintiff's operative First Amended Complaint. (Doc. No. 37). On October 30, 2023, Plaintiff filed both a Motion to Amend his FAC (Doc. No. 49) and a proposed Second Amended Complaint (Doc. No. 50, "SAC"). On December 6, 2023, Defendants filed a Notice of Non-Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint but requested the Court to screen the SAC. (Doc. No. 56). Also pending before the Court is Plaintiff's Motion for Appointment of Counsel. (Doc. No. 55). For the reasons set forth below, the Court grants Plaintiff's Motion to Amend, denies the Motion for Appointment of Counsel, and denies Defendants' Motion for Screening.

   ////

**BACKGROUND**

On November 28, 2022, the previously assigned magistrate judge screened Plaintiff's original Complaint and found that it failed to state a claim. (Doc. No. 9). Plaintiff subsequently filed a First Amended Complaint. (Doc. No. 12, "FAC"). On February 17, 2023, the undersigned screened Plaintiff's FAC and concluded that it stated cognizable Eighth Amendment conditions of confinement claims against Defendants Barrios, Hernandez, White, and Gutierrez. (*See* Doc. No. 17). The Court ordered Defendants served, (Doc. Nos. 18, 19), and Defendants Barrios, Hernandez, and White subsequently filed an Answer to the FAC. (Doc. No. 37). On October 30, 2023, Plaintiff filed a Motion to Amend his FAC and simultaneously filed a proposed Second Amended Complaint. (Doc. Nos. 49, 50). On November 29, 2023, Plaintiff filed a Motion for Appointment of Counsel. (Doc. No. 55). On December 6, 2023, Defendants filed a Notice of Non-Opposition to Plaintiff's Motion to Amend. (Doc. No. 56). Because Defendants' Notice contains a request for the Court to screen Plaintiff's Second Amended Complaint, the Court construes the Notice as a Motion for Screening.[1]

**DISCUSSION**

**A. Motion to Amend**

Under Rule 15, a party "may amend its filing once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should "freely give[ ]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants indicate they do not oppose the Motion to Amend. (*See* Doc. No. 56).

The proposed amended complaint contains some additional allegations as to the existing Defendants, which are consistent with the FAC, and also asserts related claims against two new

---

[1] A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id.*

Defendants: Sgt. Baraona and Jane Doe, Associate Warden of Corcoran State Prison. (Doc. No. 13 at 1).

The Court first considers undue delay, bad faith, and dilatory motive. While Plaintiff waited 10 months after he filed the FAC to file the Motion to Amend, there is no evidence that Plaintiff delayed amending his FAC to gain a strategic advantage or in bad faith, nor do Defendants so allege. Accordingly, the Court does not find undue delay, bad, or dilatory motive by Plaintiff.

Turning to undue prejudice, the Court finds it significant that Defendants do not assert and prejudice from the proposed amendments. While defendants would suffer some prejudice as a result of the delay in the disposition of this action caused by service of the new defendants, this prejudice would not be great. *See Wagner v. Posner*, 2010 WL 3393862, at *2 (E.D. Cal. Aug. 26, 2010).

Turning to futility, it is not obvious from the face of the proposed SAC that Plaintiff's allegations against Defendants Baraona or Doe will fail to state a claim. While it is unclear whether Plaintiff previously exhausted his claims as to these two Defendants, the Supreme Court has held that § 1997e(a) creates an affirmative defense and, therefore, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199 (2007).

Accordingly, for the reasons discussed above, the Court will grant Plaintiff's Motion to Amend.

**B. Motion for Screening**

In their Motion for Screening, Defendants indicate they do not oppose Plaintiff's motion for leave to file a second amended complaint. (Doc. No. 56 at 2). Provided the Court grants Plaintiff's Motion to Amend, Defendants urge the Court to screen the First Amended Complaint pursuant to 28 U.S.C. § 1915A. (*Id.*).

Section 1915A(a) states as follows with respect to screening: "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint

3

in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  However, "the screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint." *Olausen v. Murguia*, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014); *see Newton v. Eatmon*, 2021 WL 549812, at *2 (S.D. Cal. Nov. 23, 2021) ("Based on the 'plain meaning' of the terms 'before docketing' or 'as soon as practicable after docketing,' . . . it 'could not be any clearer as to the timing of the mandatory screening.'"); *Olausen*, 2014 WL 6065622, at *3 ("Defendants contend that 28 U.S.C. § 1915A by its plain meaning requires screening of 'a complaint' and because an amended complaint is 'a complaint,' § 1915A covers amended complaints.  This interpretation ignores the statute's plain meaning."); *cf. Brown v. Tromba*, 2020 WL 5632950, at *2 n.1 (D. Nev. Sept. 17, 2020) ("There is also persuasive authority in the Ninth Circuit that provides that the Court is not required to screen every amended complaint a litigant files").

Here, the undersigned agrees with the other courts in this Circuit that find re-screening an amended complaint after defendants have been served would be contrary to the intent of the Prison Litigation Reform Act.  *Olausen*, 2014 WL 6065622, at *4 ("[T]he Supreme Court has [ ] recognized that 'the PLRA mandated early judicial screening to reduce the burden of prisoner litigation on the courts.' [ ] Construing the PLRA . . . to require court screening of every amended complaint . . . would increase, not reduce, the burden on federal courts."); see *also Rincon v. Cate*, 2011 WL 1642615, at *1–*2 (S.D. Cal. Apr. 29, 2011) ("The Complaint in this case survived screening [ ], was served along with the summons, and counsel appeared on behalf of Defendants.  Thus, if an amended complaint were to be filed in this Court, counsel for Defendants would be required to defend the case by filing a motion under Rule 12(b)(6) or face a default judgment" because "the Court's role is not to act as counsel for the defense but rather it has a duty to act as an impartial decision maker").  "This is not the first time a court of this District has made the point clear." *Rincon*, 2011 WL 1642615, at *1 (citing the thorough order on the subject in *Brooks v. Alameida*, Doc. No. 30 at 8–13 (S.D. Cal. Sept. 7, 2005)).

Moreover, there is already "a vast imbalance of power and legal know how between

prisoners proceeding in forma pauperis and governmental defendants who are invariably represented by lawyers." *Nelson v. Allison*, 2023 WL 7225000, at *2 (S.D. Cal. Nov. 2, 2023) citing *Freeman v. Lee*, 30 F. Supp. 2d 52, 56 n.3 (D.D.C. 1998) (denying defendant's motion for screening). "There is no reason to accentuate this imbalance even more by permitting government lawyers to achieve a secondary gain or tactical advantage [such as causing the prisoner to incur a 'strike,' potentially prohibiting him from proceeding in forma pauperis in the future] by commandeering an illicit procedure [of requesting screening]. (*Id.*) ; *see also Allen v. Ohio Dep't of Rehab. & Corr.*, 2021 WL 766867, at *2–*3 (N.D. Ohio Feb. 26, 2021) ("Nothing in either § 1915(e)(2) nor § 1915A allows the defense to bypass the Federal Rules of Civil Procedure to seek dismissal or to play a role in the screening process. [ ] The Court's role is not to act for the convenience of the defense, but as an impartial decision maker.") (internal citations omitted). Defendants' motion here asks the Court to perform a second screening despite Defendants wholesale failure to address the merits of Plaintiff's proposed Second Amended Complaint. The Court declines to do the lifting for Defendants here. If Defendants have a meritorious argument for dismissal of the Second Amended Complaint, the Court expects they will bring an appropriate motion under Rule 12.

**C. Motion for Appointment of Counsel**

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his

or her claims *pro se* considering the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Normal challenges faced by pro se litigants do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants.") Plaintiff's lack of legal training and limited access to the law library are insufficient to establish exceptional circumstances. Nor does the Court agree with Plaintiff's conclusory assertion that the issues involved in this case are complex; Plaintiff's case involves the relatively straightforward claim that correctional officers violated his Eighth Amendment rights by allowing a COVID-infected inmate to remain on Plaintiff's cell block. Thus, Plaintiff has not demonstrated exceptional circumstances that warrant appointment of counsel at this stage of the proceedings.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion to Amend (Doc. No. 49) is GRANTED.
2. The Clerk shall accept for filing the proposed Second Amended Complaint (Doc. No. 50) which is hereby deemed the operative complaint in this matter.
3. Plaintiff's Motion for Appointment of Counsel (Doc. No. 55) is DENIED.
4. Defendants' Motion for Screening (Doc. No. 56) is DENIED.
5. Defendants Barrios, Hernandez and White shall file a response to Plaintiff's Second Amended Complaint within 30 days of this Order.
6. The Court will direct service on the additionally named Defendants by separate order.

Dated:   December 19, 2023

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE