UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. BARRIOS, *et al.*,<br><br>　　　　Defendants. | Case No.  1:23-cv-00054-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT GUTIERREZ, WITHOUT PREJUDICE, FOR FAILURE TO SERVE<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendants J. Barrios, H. Hernandez, White, Baraona, and Jane Doe 1 for claims under the Eighth and Fourteenth Amendments, arising from events that occurred in late January and early February 2021 at Corcoran State Prison. (*See* Doc. No. 50).

**I.　　Procedural Background**

On February 17, 2023, the Court issued an order directing service on four Defendants[1] in this case, including Defendant Gutierrez, under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (Doc No. 18).  The order did not include any detailed description of Defendant Gutierrez. (*Id.* at 2).  On May 4, 2023, the Court received information that Defendants White, Barrios, and Hernandez were successfully identified as

---

[1] Plaintiff later filed a Motion to Amend and a Lodged Second Amended Complaint, adding Defendants Baraona and Doe.  (Doc. Nos. 49, 50).

1

1   employees of California State Prison – Corcoran, but Defendant Gutierrez could not be identified.
2   (Doc. Nos. 23, 24).  On May 5, 2023, the United States Marshal returned the summons on
3   Defendant Gutierrez as unexecuted.  (Doc. No. 25).  The U.S. Marshal was unable to identify
4   Defendant Gutierrez for service of process.  (*Id*.).

5   Following an order to show cause, Plaintiff filed a response providing additional
6   information to identify Defendant Gutierrez, and the Court ordered a second attempt at electronic
7   service.  (Doc. Nos. 31, 33-36).  The E-Service order included the following information
8   regarding Defendant Gutierrez: "Officer Gutierrez; Correctional Officer at CSP-Corcoran, who
9   worked 3rd watch (5) five days a week on 3A03 2021 Jan-Feb. He was Officer Dustin White's
10  partner." (Doc. No. 35 at 2.)

11  On August 3, 2023, the Court again received information from CDCR that Defendant
12  Gutierrez could not be identified, and service documents were forwarded to the United States
13  Marshals Service for personal service on Defendant Gutierrez.  (Doc. No. 39).  On October 2,
14  2023, the United States Marshals Service filed a return of service unexecuted as to Defendant
15  Gutierrez, indicating that the U.S. Marshal contacted the Litigation Coordinator at Corcoran to
16  identify Gutierrez without success.  (Doc. No. 40).  The U.S. Marshall indicated that "more
17  information is needed to identify CO Gutierrez." (*Id*.).

18  Therefore, on October 5, 2023, the Court issued a second order requiring Plaintiff to show
19  cause why Defendant Gutierrez should not be dismissed from this action.  (Doc. No. 45).  In that
20  order, Plaintiff was warned that the failure to respond or failure to show cause would result in the
21  dismissal of Defendant Gutierrez from this action due to Plaintiff's failure to serve process
22  pursuant to Federal Rule of Civil Procedure 4(m).  (*Id.* at 3).

23  Plaintiff filed a response to the order to show cause on October 16, 2023, providing
24  additional identifying information for Defendant Gutierrez.  (ECF No. 46).  The Court ordered a
25  third attempt at electronic service.  (Doc. Nos. 47-48).  The E-Service order included the
26  following information regarding Defendant Gutierrez: "Officer Gutierrez; Latino/Hispanic male,
27  between 30 and 38 years old, 5'7"-5'9" feet tall, worked 2-10 pm from 1/28/21-2/2/21 in 3ao3 at
28  Corcoran State Prison with Correctional Officers De La Torre, Contreras, and Trejulio;

1    identifying marks – front hairline big Moe removal scar above left upper forehead hairline.  In
2    late January 2021 or early February 2021 Gutierrez 'put out [Plaintiff's] fire with sergeant' and
3    sent Plaintiff to suicide watch after outside ER for broken finger." (Doc. No. 47 at 3).  On
4    December 8, 2023, the Court again received notice that Defendant Gutierrez could not be
5    identified.  (Doc. No. 57).

## II.  Legal Standard

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995).  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421–22.

## III.  Discussion

The Marshal attempted multiple times to serve Defendant Gutierrez with the information that Plaintiff provided.  (*See* Doc. Nos. 39, 40).  However, the information provided was not sufficient to identify Defendant Gutierrez for service of process.  (*Id.*).  Plaintiff was afforded a

3

second opportunity to provide further information to locate Defendant Gutierrez, and he filed a response on October 16, 2023.  (Doc. No. 46).  However, the CDCR was still unable to identify Defendant Gutierrez with the information Plaintiff provided.  (Doc. No. 57).

As the Marshal has already twice attempted to serve Defendant Gutierrez with the identifying information that Plaintiff provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Gutierrez for service of process.

Accordingly, it is hereby **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

Defendant Gutierrez be dismissed from this action, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    December 22, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE