UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>        Plaintiff,<br><br>    v.<br><br>J. BARRIOS, et al.,<br><br>        Defendants. | Case No. 1:23-cv-00054-NODJ-HBK (PC)<br><br>ORDER RECALLING DECEMBER 22, 2023 FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 61)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>(Doc. No. 67)<br><br>ORDER MODIFYING DISCOVERY SCHEDULING ORDER<br><br>(Doc. No. 43) |

Pending before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint filed on January 11, 2024. (Doc. No. 67, "Motion"). Plaintiff accompanies his Motion with a proposed Third Amended Complaint. (Doc. No. 68). In his Third Amended Complaint, Plaintiff corrects the name for the Defendant previously identified as "Officer Gutierrez" and substitutes the name for a previously identified Jane Doe Defendant. (*Id*. at 1). Defendants Barrios, Hernandez, and White filed an Opposition. (Doc. No. 70). For the reasons stated below, the undersigned recalls its December 22, 2023 Findings and Recommendations to dismiss Defendant Gutierrrez (Doc. No. 61) and grants Plaintiff's Motion.

////

**BACKGROUND**

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* on his Second Amended Complaint filed under 42 U.S.C. § 1983. (Doc. No. 59, "SAC"). On February 17, 2023 the undersigned screened Plaintiff's First Amended Complaint and found that it stated cognizable Eighth Amendment conditions of confinement claims against Defendants White, Barrios, Gutierrez, and Hernandez, and Ordered those Defendants served with the FAC. (Doc. Nos. 17, 18). The United States Marshal Service ("USMS") successfully served Defendants White, Barrios, and Hernandez, but were unable to identify Defendant Gutierrez for service. (*See* Doc. Nos. 23, 24). Plaintiff twice provided additional identifying information for Defendant Gutierrez in response to an Order to Show Cause, but USMS was still unable to identify Defendant Gutierrez. (*See* Doc. Nos. 31, 33, 45, 47, 57). On October 30, 2023, Plaintiff filed a Motion to Amend and a proposed second amended complaint ("SAC") in which he named as additional Defendants Jane Doe, Associate Warden of California State Prison-Corcoran ("CSP-Corcoran"), and Sgt. Baraona, both of whom had previously been named in the original Complaint but omitted in Plaintiff's First Amended Complaint and thus dismissed by operation of law. (*See* Doc. Nos. 1, 12). On December 19, 2023, the Court granted the Motion to Amend and subsequently ordered service of the SAC on Defendants Baraona and Jane Doe. (Doc. Nos. 58, 62). On February 2, 2024, the Court received notice that Jane Doe was successfully identified as T. Campbell and that she and Defendant Baraona were served with the operative complaint. (*See* Doc. No. 71). On December 22, 2023, after multiple attempts to serve Defendant Gutierrez were unsuccessful, the Court issued a Findings and Recommendations to dismiss Defendant Gutierrez due to Plaintiff's failure to serve him under Rule 4(m). (*See* Doc. No. 61).

In his instant Motion and in Third Amended Complaint ("TAC"), Plaintiff identifies the correct name of the CSP-Corcoran officer previously identified as Officer Gutierrez to be Officer Gaxiola and confirms that he official previously referred to as Jane Doe, Associate Warden to be T. Campbell. (Doc. No. 67 at 1). Plaintiff's TAC does not add new claims or new defendants but seeks to only substitute the incorrectly named Defendant and confirm the identity of the Jane Doe Defendant. (*Id.*).

**APPLICABLE LAW AND ANALYSIS**

**Motion to Amend**

Under Rule 15, a party "may amend its filing once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp.*, 465 F.3d at 951.

Here, even if there was some delay in bringing the motion to amend, mere delay does not equate to bad faith on the part of Plaintiff, and there is no basis to support a finding that Plaintiff intentionally delayed filing a motion to amend. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) ("A party 'demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'") (citing *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)); *see also Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) (undue delay, alone is insufficient to deny leave to amend the pleadings).

Here, Plaintiff seeks to amend the SAC to provide the true names of the individuals previously identified as Gutierrez and Jane Doe. (Doc. No. 67 at 1). The proposed TAC does not include any substantive changes to Plaintiff's claims. (*See generally id.*). The Court has already determined that Plaintiff's FAC adequately alleges Eighth Amendment conditions of confinement claims against Defendants White, Barrios, Hernandez, and the officer previously identified as Gutierrez. (*See* Doc. No. 17). Plaintiff was granted leave to amend the FAC to add Defendants Doe and Baraona because the allegations against them arose out of the same incidents giving rise

3

to the FAC.  (*See* Doc. No. 58).

Defendants White, Barrios and Hernandez contend that if the Court grants Plaintiff's Motion they will be "unduly prejudiced in defending under the current case schedule." (Doc. No. 70 at 1-2).  However, such prejudice can be easily remedied by modifying the Discovery and Scheduling Order (Doc. No. 43, "DSO") in this case.  There is no evidence that Plaintiff failed to exercise due diligence in ascertaining the identities of Defendants Gaxiola and Campbell. And because any prejudice to Defendants can be cured by extending the DSO deadlines, Plaintiff's motion to amend the complaint should be granted.

Thus, the Court finds good cause to grant Plaintiff's Motion to the extent that he seeks to substitute the names of Defendants Gaxiola and Campbell in his Third Amended Complaint.  The Court will order Defendant Gaxiola served by separate order; because Defendant T. Campbell has already been served, the Court need not issue a service order for her.

Accordingly, it is **ORDERED**:

1. The Court RECALLS its December 22, 2023 Findings and Recommendations (Doc. No. 61).

2. Plaintiff's Motion to Amend (Doc. No. 67) is GRANTED, as set forth above.

2. The Clerk of Court shall file Plaintiff's proposed Third Amended Complaint (Doc. No. 68) and deem it the operative complaint in this matter.

3. The Case Management and Scheduling Order (Doc. No. 43), issued on October 4, 2023, is modified as follows:

    a. Deadline for Exhaustion-Based Motion extended to **05/06/24**;

    b. Deadline to Complete Discovery extended to **10/08/24**; and

    c. Deadline to file Dispositive Motions extended to **01/10/25**.

4. All other deadlines and procedures set forth in the Court's DSO remain in effect.

Dated:   February 14, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE