UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>v.<br><br>J. BARRIOS, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00054-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 65) |

On December 29, 2023, Plaintiff filed a Motion for Reconsideration of the Court's December 19, 2023 Order denying appointment of Counsel. (Doc. No. 65, "Motion"). Plaintiff asks the Court to reconsider its Order because he is suicidal, mentally unstable, suffers hallucinations, and was recently renewed for involuntary "psych meds." (*Id*. at 1). Because Plaintiff's Motion was filed within 28 days of the order being challenged, the Court construes it as made pursuant to Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e).

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted) (emphasis in original). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments

considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior order. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's motion for reconsideration does not present any newly discovered evidence, demonstrate clear error, or set forth any change in the controlling law. Rather, Plaintiff reiterates the fact that he suffers from mental health impairments that make it difficult for him to represent himself. (Doc. No. 65 at 1). Plaintiff previously advanced this as a justification in his original motion to appoint counsel. (Doc. No. 55 at 1). As the undersigned noted in its prior Order denying Appoint of Counsel, Plaintiff fails to establish "exceptional circumstances" necessary to warrant appointment of counsel. (Doc. No. 58 at 6). While the Court is sympathetic to the challenges Plaintiff faces, he has capably filed Motions and other pleadings in this case, and his claims have survived screening. Indeed, Plaintiff recently requested permission and was granted leave to file a Third Amended Complaint. (Doc. Nos. 67, 68, 74). Thus, Plaintiff has demonstrated an ability to litigate this case and has not established a sufficient reason under Rule 59 to warrant reconsideration of the Court's December 19, 2023 Order.

Accordingly, it is **ORDERED**:

Plaintiff's construed motion for reconsideration under Rule 59(e) (Doc. No. 65) is DENIED.

Dated: February 15, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2