UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>Plaintiff,<br><br>v.<br><br>J. BARRIOS, et al.,<br><br>Defendants. | Case No. 1:23-cv-00054-KES-HBK (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF<br><br>(Doc. No. 86) |

On April 15, 2024, Plaintiff Durrell Anthony Puckett filed a Motion for Summary Judgment on his Eighth Amendment conditions of confinement and Fourteenth Amendment equal protection claims. (Doc. No. 82, "MSJ"). On May 1, 2024, Defendants filed a Motion to Stay Plaintiff's Motion for Summary Judgment and Extend the Time to File an Exhaustion-Based Motion for Summary Judgment. (Doc. No. 86, "Motion"). Defendant asks the Court to stay all deadlines on Plaintiff's MSJ because Defendants have only recently appeared in this action, more than five months remain in discovery, and Defendants have had no meaningful opportunity to conduct discovery including deposing Plaintiff. (*See generally id.*). Defendants also request the Court extend the deadline for filing an exhaustion-based MSJ to be concurrent with the dispositive motions deadline to promote judicial economy, because the exhaustion-based motion will not be case-dispositive. (*Id.* at 2). Plaintiff has not filed any response to the Motion and the time to do so has expired. (*See* docket); *see also* Local Rule 230(l) (E.D. Cal. 2023).

**I.    DISCUSSION**

    A.  <u>Motion for Stay of Plaintiff's Motion for Summary Judgment</u>

Rule 56(d) of the Federal Rules of Civil Procedure provides, "[i]f a nonmovant [in a motion for summary judgment] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  In order to obtain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. *Tatum v. City and County of Sacramento*, 441 F.3d 1090, 1100 (9th Cir. 2006); *Tuvalu v. Woodford*, 2007 WL 2900175, at 1–4 (E.D. Cal. Sept. 28, 2007).

Defendants requests the court stay Plaintiff's motion for summary judgment until Defendants file their own summary judgment motion, or until the dispositive motion filing deadline passes.  (Doc. No. 86 at 3).  They argue that doing so is necessary to allow Defendants sufficient time to oppose Plaintiff's motion and will promote judicial economy.  (*Id*.).  In particular, they have not yet deposed Plaintiff, and need additional time to do so and to prepare declarations in opposition to Plaintiff's MSJ.  (*Id*.).  Defense counsel asserts these facts under penalty of perjury in an attached affidavit.  (*Id*. at 6).

The Court finds that Defendants sufficiently set forth good cause under Rule 56(d) to warrant a stay of the deadlines for Plaintiff's MSJ until Defendants either file their own dispositive motion or the January 10, 2025 dispositive motions deadline passes.

    B.  <u>Motion for Extension of Time to Exhaustion-Based Motion Deadline</u>

Defendants also seek an extension of time to file an exhaustion-based motion beyond the current deadline of May 6, 2024. (*Id*. at 4).  Ordinarily, as Defendants note, exhaustion-based motions for summary judgment are brought early in litigation to dispose of matters where the court effectively lacks jurisdiction to address the merits of a claim.  *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014).  However, where, as here, a defendant makes an exhaustion-based motion only as to some of the claims in a suit, the same rationale does not apply.  The Court

agrees with Defendants that filing a single dispositive motion is appropriate here and promotes judicial economy. The Court therefore finds good cause under Federal Rule of Civil Procedure 16(b)(4) to extend the deadline to file an exhaustion-based motion for summary judgment.

Accordingly, it is hereby **ORDERED:**

1. Defendants' Motion to Stay Plaintiff's Motion for Summary Judgment (Doc. No. 86) is **GRANTED** as set forth herein.
2. Defendants shall file their opposition, if any, to Plaintiff's Motion for Summary Judgment no later than **January 10, 2025**.
3. Defendants' request to extend the deadline for filing an exhaustion-based motion for summary judgment is **GRANTED**. Defendants shall file their exhaustion-based motion for summary judgment, if any, no later than **January 10, 2025**.

Dated:   May 30, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3