1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DURRELL ANTHONY PUCKETT,              Case No.  1:23-cv-00054-KES-HBK (PC)

12              Plaintiff,                 ORDER DENYING PLAINTIFF'S THIRD
                                           MOTION FOR APPOINTMENT OF
13        v.                               COUNSEL

14   J. BARRIOS, HERNANDEZ, WHITE, and     (Doc. No. 88)
     GUTIERREZ,
15
                Defendants.
16

17

18        Pending before the Court is Plaintiff's third Motion for Appointment of Counsel.  (Doc.

19   No. 88).  Plaintiff, a state prisoner, is proceeding pro se and *in forma pauperis* on his Third

20   Amended Complaint.  (Doc. Nos. 9, 73).  Plaintiff seeks appointment of counsel because he has

21   been "on and off suicidal and losing concentration at times" and because he believes he can

22   prevail on the merits of his case with assistance from an attorney.  (Doc. No. 88 at 1).

23        The Court previously denied Plaintiff appointment of counsel in its Orders dated February

24   17, 2023 (Doc. No. 17) and December 19, 2023 (Doc. No. 58).  The Court adopts herein the law

25   governing appointment of counsel set forth in the Court's February 17, 2023 and December 19,

26   2023 Orders as through set forth at length herein.

27        Plaintiff again has not met his "burden of demonstrating exceptional circumstances*."*

28   *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff's claims of mental

1   health challenges alone are insufficient to satisfy the "exceptional circumstances" standard

2   required to justify appointment of counsel.  *Torres v. Jorrin*, 2020 WL 5909529, at *1 (S.D. Cal.

3   Oct. 6, 2020) (quoting *Thompson v. Paramo*, 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13,

4   2018)); *see also Jones v. Kuppinger*, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015)

5   ("Circumstances common to most prisoners, such as a deficient general education, lack of

6   knowledge of the law, mental illness and disability, do not in themselves establish exceptional

7   circumstances warranting appointment of voluntary civil counsel.").  Nor does Plaintiff submit

8   evidence to demonstrate a nexus between his alleged  mental health impairments and an inability

9   to articulate his claim or litigate this case.  *West v. Dizon*, No. 2014 WL 114659, at *4 (E.D. Cal.

10  Jan. 9, 2014) (denying appointment of counsel when Plaintiff submitted no evidence of mental

11  disability as to the "nature or effects" of the disability).  Further, this case is in the discovery

12  stage, so it is difficult for the Court to determine Plaintiff's likelihood of success on the merits.

13  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, No. 18-cv-

14  361-JLS (LL), 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding it was too early to

15  determine plaintiff's likelihood of success on the merits because fact discovery had not been

16  completed).

17          Accordingly, it is **ORDERED**:

18          Plaintiff's third motion for appointment of counsel (Doc. No. 88) is DENIED.

19

20  Dated:   October 16, 2024

21                                                   HELENA M. BARCH-KUCHTA
                                                     UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

                                                     2