UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. BARRIOS, HERNANDEZ, WHITE, and GUTIERREZ,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-00054-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 91) |

　　　　Pending before the Court is Plaintiff's fourth Motion for Appointment of Counsel. (Doc. No. 91). Plaintiff, a state prisoner, is proceeding pro se and *in forma pauperis* on his Third Amended Complaint. (Doc. Nos. 9, 73). Plaintiff seeks appointment of counsel because he has been "suffering on/off suicidal ideation, suicide attempts etc. can't focus at times, been hearing voices etc. I can't see as well at times." (Doc. No. 91 at 1). Plaintiff also "ask[s] the court to receive [Plaintiff's] mental health records under seal from the last (3) three years," presumably in support of his Motion. (*Id.*). The Motion largely mirrors the one Plaintiff filed on October 11, 2024 seeking of appointment of counsel, which the Court denied. (Doc. Nos. 88, 89).

　　　　The Court previously denied Plaintiff appointment of counsel in its Orders dated February 17, 2023 (Doc. No. 17), December 19, 2023 (Doc. No. 58), and October 16, 2024 (Doc. No. 89). The Court adopts herein the law governing appointment of counsel set forth in the Court's

February 17, 2023, December 19, 2023, Orders as through set forth at length herein.

Plaintiff again has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff's claims of mental health challenges alone are insufficient to satisfy the "exceptional circumstances" standard required to justify appointment of counsel. *Torres v. Jorrin*, 2020 WL 5909529, at *1 (S.D. Cal. Oct. 6, 2020) (quoting *Thompson v. Paramo*, 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018)); *see also Jones v. Kuppinger*, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel.").  Nor does Plaintiff submit evidence to demonstrate a nexus between his alleged mental health impairments and an inability to articulate his claim or litigate this case. *West v. Dizon*, No. 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel when Plaintiff submitted no evidence of mental disability as to the "nature or effects" of the disability).  While Plaintiff asks the Court to review his mental health records, he does not attach any records to the Motion, nor has he submitted any under separate cover.  To the extent Plaintiff wishes to submit confidential records in support of a motion, he must file a Request to Seal pursuant to Local Rule 141 along with the documents covered by the request.  (E.D. Cal. 2023).

Accordingly, it is **ORDERED**:

Plaintiff's fourth motion for appointment of counsel (Doc. No. 91) is DENIED.

Dated:   October 22, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2