UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARAONA, T. CAMPBELL, HERNANDEZ and WHITE,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00054-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION TO AMEND COMPLAINT[1]<br><br>(Doc. No. 92) |

　　　　Pending before the Court is Plaintiff's third Motion for Leave to Amend Complaint, filed on October 21, 2024, and his proposed Fourth Amended Complaint.  (Doc. Nos. 92, 93). Defendants filed an Opposition on November 22, 2024.  (Doc. No. 106).  For the reasons stated below, the Court denies the Motion to Amend.

**BACKGROUND**

　　　　Plaintiff, a former state prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. No. 1).  Plaintiff's initial Complaint named 14 defendants, including "Jane Doe employed as Register[ed] Nurse at CSP

---

[1] Both parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1).  (Doc. No. 104).

Corcoran." (*Id*. at 2).  Prior to screening, Plaintiff filed a First Amended Complaint, which named four defendants: (1) Lt. J. Barrios; (2) Correctional Officer White; (3) Sgt. Hernandez; and (4) Correctional Officer Gutierrez.  (Doc. No. 12, "FAC").  On February 17, 2023, the Court screened Plaintiff's FAC, finding it stated an Eighth Amendment conditions of confinement claim, and directed service on Defendants White, Barrios, Gutierrez, and Hernandez.  (Doc. Nos. 17, 18).  On October 4, 2023, the Court issued a Discovery and Scheduling Order ("DSO"), which included an April 4, 2024 deadline to amend the pleadings.  (Doc. No. 43).

On December 19, 2023, the Court granted Plaintiff's first Motion to Amend, ordered Plaintiff's Second Amended Complaint ("SAC") served on Defendants Barrios, Hernandez, and White, and directed Defendants Barrios, Hernandez, and White to respond to Plaintiff's SAC.  (Doc. Nos. 58, 62).  On February 14, 2024, the Court granted Plaintiff's second Motion to Amend, permitting him to file a Third Amended Complaint ("TAC"), substituting J. Gaxiola for the previously named Defendant Gutierrez, and adding Warden T. Campbell as a Defendant.  (Doc. Nos. 67, 72).  On February 28, 2024, Defendants Baraona, Barrios, Campbell, Hernandez, and White filed an Answer to Plaintiff's TAC.  (Doc. No. 78).  The Parties have engaged in discovery since that time and on April 15, 2024, Plaintiff filed a Motion for Summary Judgment, which remains stayed.  (Doc. Nos. 82, 87).

On October 21, 2024, Plaintiff filed the instant Motion to Amend, seeking to add K. Allison as a Defendant and dismiss Defendant Barrios.[2]  (Doc. No. 92).  Plaintiff lodges a proposed Fourth Amended Complaint, which asserts new First Amendment retaliation and Eighth Amendment conditions of confinement claims against Defendant Allison.  (*See* Doc. No. 93).  Because Plaintiff's Motion was filed after the Court entered a discovery and scheduling order issued pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court construes Plaintiff's Motion as brought pursuant to Rule 16(b).

////

////

---

[2] Defendant Barrios was previously dismissed pursuant to the Court's November 20, 2024 granting Plaintiff's Motion for Voluntary Dismissal.  (Doc. No. 105).

2

**APPLICABLE LAW AND ANALYSIS**

**A. Legal Standard**

Under Rule 15, a party "may amend its filing once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, because Plaintiff's Motion was filed after the Court issued a discovery and scheduling order, Rule 16's standards now control. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (evaluating under Rule 16 motion for leave to amend filed after issuance of pretrial scheduling order). In pertinent part, Rule 16 provides:

> (b) [The district court] ... shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, ... enter a scheduling order that limits the time
>
> (1) to join other parties and to amend the pleadings;
>
> (2) to file and hear motions; and
>
> (3) to complete discovery.
>
> ....
>
> The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint. A schedule shall not be modified except by leave of . . . [the district court] upon a showing of good cause.

Fed. R. Civ. P. 16(b). Thus, Plaintiff's ability to amend his complaint is governed by Rule 16(b), not Rule 15(a). *See Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15); *see also Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989) (same).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Forstmann*, 114 F.R.D. at 85. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment

3

and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee" notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc*., 133 F.R.D. 463, 469 (D.N.J. 1990); *Amcast Indus. Corp. v. Detrex Corp*., 132 F.R.D. 213, 217 (N.D. Ind. 1990); *Forstmann*, 114 F.R.D. at 85; 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  *Cf. Engleson v. Burlington Northern R.R. Co*., 972 F.2d 1038, 1043 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (same), cert. denied, 405 U.S. 974 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962) (same).  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  *See Gestetner Corp. v. Case Equip. Co*., 108 F.R.D. 138, 141 (D. Me. 1985).  If that party was not diligent, the inquiry should end.  *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (finding no abuse of discretion by district court in denying plaintiff motion to amend finding plaintiff no diligent).

**B. Analysis**

Here, Plaintiff provides no explanation as to why he failed to join Defendant Allison by the April 4, 2024 deadline provided in the DSO.  Indeed, this case was filed more than three years ago, Plaintiff has amended his complaint two times already, and the parties have been engaged in discovery for more than a year.  Indeed, discovery is closed.  (*See* Doc. No. 72, directing all discovery to be completed no later than October 8, 2024).  If the Court were to permit Plaintiff to pursue his new claims against the additional proposed defendant, this case would essentially begin anew.  Defendant Allison would need to be served, the Court would need to reopen discovery from inception, and all new case management deadlines would need to be set in this

1  already three-year-old case. In fact, the dispotive deadline is imminent. (*Id*., setting dispositive
2  deadline to Janaury 10, 2025).

3  Plaintiff's Motion does not address the critical question in evaluating a motion to amend
4  under Rule 16: why he was unable to file his motion within the deadlines prescribed by the
5  Court's October 4, 2023 Discovery and Scheduling Order. Plaintiff provides no information as to
6  when he learned of the alleged wrongdoing by Defendant Allison or when he ascertained her
7  identity. Plaintiff's Motion was filed six months beyond the deadline set to join parties or amend
8  the pleadings. Plaintiffs' barebone Motion states only that his "request [is made in] good faith."
9  (Doc. No. 92 at 1). Plaintiff has failed to explain the lengthy delay and therefore failed to
10 demonstrate diligence and good cause to amend his complaint.

11 A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly
12 disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp*., 108
13 F.R.D. at 141). Plaintiff's disregard of the Court's scheduling orders "undermine[s] the court's
14 ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the
15 indolent and the cavalier." Johnson, 975 F.2d at 610. The Court finds no reason to set aside the
16 important principles underpinning Rule 16 and permit Plaintiff's proposed amendment at this late
17 date. *Forstmann*, 114 F.R.D. at 85; Financial Holding Corp., 127 F.R.D. at 166; *see also Riofrio*
18 *Anda v. Ralston Purina Co*., 959 F.2d 1149, 1155 (1st Cir. 1992) (permitting amendment under
19 Rule 15(a) in violation of district court scheduling order "would have nullified the purpose of
20 Rule 16(b)(1)").

21 Furthermore, even if Plaintiff could demonstrate diligence and good cause under Rule 16,
22 he nonetheless cannot overcome Rule 15's hurdles. While Rule 15 is more lenient, a court may
23 decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory
24 motive on the part of the movant, repeated failure to cure deficiencies by amendments previously
25 allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]
26 futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708
27 F.3d 1109, 1117 (9th Cir. 2013) (*quoting Foman v. Davis*, 371 US 178, 182 (1962)). While
28 prejudice to the opposing party "carries the greatest weight[,] ... a strong showing of any of the

remaining *Foman* factors" can justify the denial of leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). As noted, discovery is closed, Plaintiff has already been deposed concerning the claims in his TAC, and adding a new defendnat and new claims would require reopening discovery. Here, Defendants undeniably would be prejudiced at this late stage of the proceedings.

Accordingly, it is hereby **ORDERED**:

Plaintiff's Motion to Amend (Doc. No. 92) is **DENIED** with prejudice.

Dated:    December 3, 2024

HELENA M. BARCH-KUCHTA  
UNITED STATES MAGISTRATE JUDGE