UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>Plaintiff,<br><br>v.<br><br>BARAONA, T. CAMPBELL, HERNANDEZ and WHITE,<br><br>Defendants. | Case No. 1:23-cv-00054-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 111) |

Pending before the Court is Plaintiff's opposition to court order denying acceptance of fourth amended complaint, filed on December 9, 2024. (Doc. No. 111, "Motion"). The Court construes the Motion as a motion for reconsideration brought under Federal Rules of Civil Procedure 59.

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

1  877, 890 (9th Cir. 2000).  Ultimately, whether to grant or deny a motion for reconsideration is in
2  the "sound discretion" of the district court.  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th
3  Cir. 2003) (citing *Kona*, 229 F.3d at 883).  A Rule 59(e) motion "may not be used to relitigate old
4  matters, or to raise arguments or present evidence that could have been raised prior to the entry of
5  judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation
6  marks omitted).

7  　　　　Plaintiff objects to the Court's December 3, 2024 Order that denied his motion to file a
8  fourth amended complaint to include K. Allison as a new defendant and a new cause of action.
9  (*See* Doc. No. 108).  The Court denied Plaintiff's motion to file a fourth amended complaint
10 because the motion was filed well beyond the April 4, 2024 deadline to amend the pleadings set
11 forth in the Court's Discovery and Scheduling Order and Plaintiff did not provide any explanation
12 as to why he failed to join Defendant Allison by the deadline provided.  (See Doc. No. 108 at 4-
13 6).  In the alternative, the Court further found any further amendments to the pleadings at this
14 stage would be prejudicial to Defendants.  (*Id*. at 6).  In his Motion, Plaintiff states he testified to
15 this new claim at his deposition and counsel for Defendants could have asked him questions at
16 that time, he did previously name K. Allison as a defendant in a prior complaint, and his lack of
17 diligence in filing the proposed fourth amended complaint stemmed from his various hospital
18 admissions in 2023 for mental health issues.  (*See generally* Doc. No. 111).

19 　　　　Notably, Plaintiff did not raise these grounds in support of his motion to file a fourth
20 amended complaint.  (*See generally* Doc. No. 92).  Finally, a review of each of Plaintiff's other
21 previous pleadings (Complaint filed on September 20, 2021, Doc. No. 1; First Amended
22 Complaint filed December 15, 2022, Doc. No. 12; Second Amended Complaint filed October 30,
23 2023, Doc. No. 59; and Third Amended Complaint filed Janaury 11, 2024, Doc. No. 73) do not
24 name or refer to a K. Allison.  The "Jane Doe" previously named in Plaintiff's previous pleadings
25 was identified as T. Campbell, not K. Allison.  Further, Plaintiff's Third Amended Complaint
26 filed on January 11, 2024  was filed subsequent to his 2023 hospitalizations so Plaintiff's
27 hospitalization did not impede his abilty to file an amended complaint.

28 　　　　Plaintiff fails to state a basis for Rule 59(e) reconsideration.  *Allstate Ins. Co. v. Herron*,

634 F.3d 1101, 1111 (9th Cir. 2011) (recognizing manifest error of law or fact, newly discovered evidence or previously unavailable evidence, manifest injustice, and intervening change in controlling law as cognizable grounds for Rule 59(e) reconsideration).  Specifically, Plaintiff fails to present any newly discovered evidence, show that the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment.  *Wood*, 759 F.3d at 1121.  Rather, Plaintiff merely disputes the findings of the Court, which is insufficient to support the relief requested.  *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.") (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)); *see also Mendoza*, 2023 WL 6050581 at *2.

Plaintiff also fails to set forth facts showing that manifest injustice would result if the Court denied his Motion. "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018); *see also In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Banks. C.D. Cal. 2003) (citing Black's Law Dictionary 563 (7th ed. 1999)) (defining manifest injustice under Rule 59(e)). "Manifest injustice," as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue. *All. for Wild Rockies v. United States Forest Serv.*, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020).  Plaintiff has not set forth any facts to indicate a "direct, obvious and observable" error by the Court that would constitute manifest injustice.  Thus, he fails to meet his burden to justify reconsideration of the Court's December 3, 2024 Order on that basis as well.

Accordingly, it is hereby **ORDERED**:

Plaintiff's motion for reconsideration (Doc. No. 111) is DENIED.

Dated:   December 30, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE