UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BARAONA, T. CAMPBELL, HERNANDEZ and WHITE,<br><br>　　　　Defendants. | Case No.  1:23-cv-00054-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR COURT ASSISTANCE<br><br>(Doc. No. 118) |

On January 8, 2025, Plaintiff filed a one-page pro se pleading titled "Summary Adjudication by Way of Agreed Statement of the Court Per Federal Rules of Civil Procedure . . . Question of Law Let the Record Reflect . . ." which the Clerk docketed as a "Motion for Summary Judgment." (Doc. No. 118). The pleading consists of a rambling and unintelligible litany of disjointed words and phrases. Plaintiff is advised that any motions requesting relief must "state with particularity the grounds for seeking the order[,]" and "state the relief sought[,]" which Plaintiff's pleading fails to do. *See* Fed. R. Civ. P. 7(b). Plaintiff's motion consists only of words strings, many of which are illegible. To the extent discernable, Plaintiff requests the Court to "assist and provide investigations." Thus, the Court does not construe the pleading as a motion for summary judgment but for the Court to assist Plaintiff with his case.[1]

---

[1] A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir.

At the outset, the Court is not permitted to render legal advice to any litigant, including pro se litigants. As acknowledged by the United States Supreme Court, requiring a federal judge to explain federal procedure or act as counsel for a *pro se* litigant "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986) (explaining that providing legal advice to a *pro se* litigant "would entail the district court's [sic] becoming a player in the adversary process rather than remaining its referee."). Plaintiff is free to pursue discovery to investigate his own claims, but this Court has no authority to conduct an investigation on Plaintiff's behalf.

Accordingly, it is **ORDERED**:

1. The Clerk of Cour shall correct the docket entry to reflect Plaintiff's pro se pleading filed on January 8, 2025 (Doc. No. 118) is construed as a "motion for court assistance."

2. Plaintiff's construed motion for court assistance (Doc. No. 118) is DENIED.

Dated:    January 13, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id*.