UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>  Plaintiff,<br><br>  v.<br><br>HERNANDEZ, et al.,<br><br>  Defendants. | Case No. 1:23-cv-00054-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S SIXTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 131)<br><br>ORDER STRIKING PLAINTIFF'S PRETRIAL STATEMENT AS PREMATURE<br><br>(Doc. No. 132) |

On April 14, 2025, Plaintiff filed a Pretrial Statement. (Doc. No. 132). The same day, Plaintiff also filed his sixth Motion for Appointment of Counsel. (Doc. No. 131). Plaintiff, a state prisoner, is proceeding pro se and *in forma pauperis* on his Third Amended Complaint. (Doc. Nos. 9, 73). Insofar as the Court is able to discern, Plaintiff seeks appointment of counsel, citing issues related to prison conditions, mental health, and past trauma. (Doc. No. 131). Specifically, Plaintiff states he is unable to prepare certain filings because prison staff repeatedly search his cell and confiscate his property. (*Id.*). Plaintiff also expresses fear of confronting his "abusers" regarding past "sexual assaults" and a generalized "fear [of] further retaliation." (*Id.*).

The Court has previously denied Plaintiff appointment of counsel in its Orders dated February 17, 2023 (Doc. No. 17), December 19, 2023 (Doc. No. 58), October 16, 2024 (Doc. No.

1  89), October 22, 2024 (Doc. No. 94), and December 2, 2024 (Doc. No. 107).  The Court adopts
2  herein the law governing appointment of counsel, set forth in the Court's February 17, 2023,
3  December 19, 2023, Orders, as though fully set forth herein.
4        Plaintiff again fails meet his "burden of demonstrating exceptional circumstances*." Jones*
5  *v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff's claims of mental health
6  challenges alone are insufficient to satisfy the "exceptional circumstances" standard required to
7  justify appointment of counsel.  *Torres v. Jorrin*, 2020 WL 5909529, at *1 (S.D. Cal. Oct. 6,
8  2020) (quoting *Thompson v. Paramo*, 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018)); *see*
9  *also Jones v. Kuppinger*, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances
10 common to most prisoners, such as a deficient general education, lack of knowledge of the law,
11 mental illness and disability, do not in themselves establish exceptional circumstances warranting
12 appointment of voluntary civil counsel.").  Plaintiff provides no explanation as to how his mental
13 health issues and past trauma have impeded his ability to articulate his claim or litigate this case.
14 *West v. Dizon*, No. 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of
15 counsel when Plaintiff submitted no evidence of mental disability as to the "nature or effects" of
16 the disability).  Plaintiff has filed a motion for summary judgment and various motions,
17 demonstrating his ability to prosecute this action to date.
18       Plaintiff's general complaints concerning his confinement do not warrant appointment of
19 counsel.  *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of
20 counsel because the plaintiff's "circumstances were not exceptionally different from the majority
21 of the challenges faced by pro se litigants.").  Nor do Plaintiff's general and conclusory
22 allegations of fear and property confiscations justify appointment of counsel.  *See Kirkham v. City*
23 *of Bellingham*, 2025 WL 641237, at *1 (W.D. Wash. Feb. 27, 2025) (denying motion for
24 appointment of counsel on the grounds that his allegations concerning, *inter alia*, evidence
25 tampering and fears for safety failed to establish exceptional circumstances warranting
26 appointment of counsel).
27       Plaintiff's Pretrial Statement was prematurely filed.  After the Court rules on any
28 dipositive motions, the Court generally issues a second scheduling order setting expert deadlines

and deadlines to file pretrial statements.  Both Plaintiff and Defendants have dispositive motions pending before the Court.  *See* Plaintiff's motion for summary judgment (Doc. No. 82) and Defendants' motion for summary judgment (Doc. No. 125).  Thus, Plaintiff's pretrial statement will be stricken as prematurely filed.

Accordingly, it is **ORDERED**:

1. Plaintiff's sixth Motion for Appointment of Counsel (Doc. No. 131) is DENIED.
2. The Clerk shall strike Plaintiff's Pretrial Statement (Doc. No. 132) from the docket.

Dated:     April 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE